**Saliya GRANT–MACK, Plaintiff–Appellant,**

v.

**S & A RESTAURANT CORPO-RATION, d/b/a Bennigan's, Defendant–Appellee.**

No. 99–4058.

United States Court of Appeals, Sixth Circuit.

Aug. 16, 2001.

Before BOGGS, SUHRHEINRICH, Circuit Judges; CLELAND, District Judge.*

* The Honorable Robert H. Cleland, United States District Judge for the Eastern District of Michigan, sitting by designation.

PER CURIAM.

Plaintiff Saliya Grant–Mack appeals pro se the grant of judgment as a matter of law to Defendant S & A Restaurant Corporation in this action alleging (1) failure to promote in violation of Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e–2, and the parallel North Carolina statute, N.C.G.S. §§ 143–422. 1–3, and (2) intentional infliction of emotional harm under North Carolina common law. We **AFFIRM**.

Plaintiff interviewed for a waitress position with Defendant, but was given a hostess position instead. Plaintiff claims that she was promised the first available waitress opening. However, Plaintiff claims that several white waitresses were hired after she began work as a hostess. Plaintiff alleges that she was discriminated against based on her race. Defendant, on the other hand, asserts that Plaintiff was not given a waitress position because her availability was limited and did not match the restaurant's needs.

On remand after Plaintiff appealed successfully from a grant of summary judgment for Defendant, *Grant–Mack v. S & A Restaurant Corp.*, No. 98–3246, 1999 WL 357776 (6th Cir. May 14, 1999), the case proceeded to trial. At the close of Plaintiff's case, the district court granted Defendant's motion for judgment as a matter of law under Fed.R.Civ.P. 50. The court concluded that Plaintiff had failed to establish a prima facie case of racial discrimination because: (1) she failed to establish that she was qualified for the position, given her limited availability; (2) she was unable to demonstrate that similar or less qualified applicants (in terms of availability) outside the protected class were treated differently; and (3) she failed to establish that Defendant's legitimate non-discriminatory reason for its decision not to promote Plaintiff was a pretext. The court similarly dismissed Plaintiff's claim for intentional infliction of emotional harm, concluding that Plaintiff had presented no evidence of Defendant's intent, and had failed to demonstrate that she had suffered severe emotional distress, as required by North Carolina law.

■ This appeal presents two issues. The first issue is whether the court properly granted judgment as a matter of law to Defendant on Plaintiff's discrimination claims. We affirm the district court on this issue because Plaintiff failed to make her prima facie case. Plaintiff did not show that she was qualified for the position, which required unrestricted availability to work. Plaintiff also did not show that a similarly situated person from outside the protected class was treated better. Finally, even if Plaintiff made a prima facie case, she did not show that Defendant's legitimate, non-discriminatory reason of requiring unrestricted availability was pretextual.

■ The second issue is whether the court properly dismissed Plaintiff's claim for intentional infliction of emotional harm under North Carolina law. We affirm the district court on this issue because Plaintiff did not produce any evidence that Defendant's conduct was extreme and outrageous or that Defendant intended to inflict emotional distress on Plaintiff. Also, Plaintiff failed to establish that she suffered "severe" emotional distress, as required by North Carolina law.

For the reasons just briefly stated and for the reasons more fully articulated by the district court in its Memorandum and Order of July 28, 1999, we find that the district court properly granted judgment as a matter of law to Defendant. Therefore, we AFFIRM.